IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-cv-2306 JWL/KGS |
| v. | ) | |
| | ) | |
| STEPHANIE DeWALD, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR RECOVERY OF OVERPAYMENT

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its complaint states:

### Parties

1.      Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, and is therefore a citizen of the State of New York.   MetLife is duly licensed to do business in the State of Kansas.

2.      Upon information and belief, Defendant Stephanie DeWald is the adult daughter of Sonya A. Estep (the "Decedent"), and she resides in Gardner, Kansas and is a citizen of the State of Kansas.

### Jurisdiction and Venue

3.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) in that this matter relates to employee welfare benefit plans regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.* and, as such, arises under the laws of the United States, and therefore raises a federal question.  This Court's original jurisdiction is therefore founded upon ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

4.      In addition, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity) in that this matter is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      Venue is proper pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2) and 28 U.S.C §1391(b) in that the Defendant resides in this District and a substantial part of the events giving rise to this action occurred in this District.

## Cause of Action

6.      The Decedent was a retiree of General Electric Company and was a participant in the GE Life, Disability and Medical Plan (the "GE Life Insurance Plan"), an ERISA-regulated employee welfare benefit plan sponsored by General Electric Company and providing, among other things, Basic Life Insurance coverage for eligible General Electric Company employees. The life insurance component of the GE Life Insurance Plan was funded by a group policy of life insurance issued by MetLife to General Electric Company.  See § 2.1.8 (pages 34, 36) of Your Benefits Handbook: Eligibility and Administrative Information, pertinent pages of which are attached hereto as Exhibit A.

7.      The Decedent was also a participant in the GE A Plus Life Insurance Plan, an ERISA-regulated employee welfare benefit plan sponsored by General Electric Company and funded by group policies of life insurance issued by MetLife to General Electric Company.   See Exhibit A, § 2.1.8 (pages 34, 37).

8.      The Decedent died on August 20, 2011 at the age of 52 years.  A true and correct copy of the death certificate is attached hereto as Exhibit B.

9.     The Decedent had designated Defendant as her sole primary beneficiary in a Beneficiary Designation form, a true and correct copy of which is attached hereto as Exhibit C.

10.     The Decedent submitted a claim for benefits on or about October 2, 2011.  A true and correct copy of the claim form is attached hereto as Exhibit D.

11.     MetLife, on or about October 25, 2011, deposited into a Total Control Account, for the exclusive benefit of the Defendant, Basic Life Insurance benefits in the amount of $174,000 and GUL Insurance benefits in the amount of $208,800, for a total payment of $382,800, plus applicable interest thereon.

12.     Subsequent to MetLife's deposit into the Total Control Account, General Electric Company conducted an audit of life insurance claims paid by MetLife in the fourth quarter of 2011 and issued a Variance Report, a true and correct copy of which is attached hereto as Exhibit E.

13.     By letter dated February 21, 2012, MetLife notified Defendant of the overpayment and requested that she sign an acknowledgment and consent form, acknowledging the overpayment and consenting to the withdrawal of the overpayment from the Total Control Account. A true and correct copy of the February 21, 2012 letter is attached hereto as Exhibit F.

14.     No repayment was made or authorized, and by letter dated March 27, 2012, MetLife again requested repayment.  A true and correct copy of the March 27, 2012 letter is attached hereto as Exhibit G.

15.     Defendant's attorney responded by letter dated April 11, 2012, a true and correct copy of which is attached hereto as Exhibit H.

16.     Pursuant to the terms of the Plan, Basic Life Insurance coverage for a retiree is

based on the retiree's retirement pay, which is the average of the retiree's pay for the highest paid consecutive five years in the ten year period immediately before the retiree's continuous service ends.   See § 1.8 (page 12) of Your Benefits Handbook:   Retiree Health and Life Insurance Benefits, a true and correct copy of which is attached hereto as Exhibit I.

17.     In further clarifying the Basic Life Insurance overpayment with General Electric Company, MetLife learned that the Decedent's retirement pay, when she retired on full disability on May 1, 2011, was $67,245.   Because the Decedent was enrolled in Basic Life Insurance benefits for 2.5 times her salary, the Basic Life Insurance benefits payable by reason of her death amounted to $168,113, rather than the $174,000, which MetLife paid to Defendant.   As a result, there was an overpayment of $5,887 in Basic Life Insurance benefits (rather than $5,180, as stated in the Variance Report).

18.     The GE A Plus Life Insurance Plan provides that, for a retiree who stops working because of a total disability:

> For GUL insurance, your coverage will be continued at no cost to you until the first of the year in which you attain age 65. . . . However, if you retire at any time before age 65, coverage will be continued at 60% of your active coverage amount at no cost to you until the first of the year in which you attain age 65. . . .

See § 2.9.5.2 (page 62) of Your Benefits Handbook: Life Insurance and Disability Benefits, pertinent pages of which are attached hereto as Exhibit J.

19.     The amount of GUL insurance for which the Decedent was enrolled at the time of her death was 60% of $208,800 or $125,280.   Because MetLife had paid $208,800 into the Total Control Account, there was an overpayment of $83,520 in GUL Insurance benefits.

20.     The total overpayment to Defendant (the "Overpayment") was $89,407, representing $5,887 in Basic Life Insurance benefits and $83,520 in GUL Insurance benefits.

4

21.     MetLife is the claim fiduciary with respect to Basic Life Insurance benefits under the GE Life Insurance Plan and with respect to GUL insurance benefits under the GE A Plus Life Insurance Plan.

22.     As claims fiduciary, MetLife must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

## COUNT I

### Equitable Relief Under ERISA

23.     MetLife realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 27 of its Complaint.

24.     This is an action by a fiduciary under 29 U.S.C. § 1132(a)(3) to obtain appropriate equitable relief.  This Court has exclusive federal question jurisdiction of this action.

25.      The Overpayment to Defendant by MetLife of $89,407 in life insurance benefits ($5,887 in Basic Life Insurance benefits and $83,520 in GUL Insurance benefits) consists of identifiable funds that had properly belonged to MetLife before MetLife incorrectly paid the funds to Defendant.

26.     MetLife notified Defendant of the Overpayment by letters dated February 21, 2012 and March 27, 2012, but Defendant has refused to repay the Overpayment.

27.     The entire amount of the $89,407 Overpayment is money belonging in good conscience to MetLife under the terms of the Plan.

28.     On information and belief, the overpaid life insurance benefits are maintained by Defendant.

WHEREFORE, MetLife prays for equitable restitution of the Overpayment of $89,407

received by Defendant, for the imposition of an equitable lien against discrete and identifiable assets, and for such other and further relief as the Court may deem just, equitable and proper.

## COUNT II

## Unjust Enrichment

29.     MetLife realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 27 of its Complaint, as if fully set forth herein.

30.     By payment to Defendant of the overpaid life insurance benefits in the amount of $89,407 ($5,887 in Basic Life Insurance benefits and $83,520 in GUL Insurance benefits), MetLife conferred a benefit upon Defendant.

31.     Defendant had knowledge of the benefit conferred upon her.

32.     Defendant failed to immediately reimburse the full amount of the Overpayment and thereby benefited through her retention of the Overpayment.

33.     Under the circumstances, it would be inequitable for Defendant to retain the benefit of the Overpayment.

34.     The remedy of unjust enrichment is available to MetLife as a fiduciary of the ERISA-regulated GE Life Insurance Plan and GE A Plus Life Insurance Plan, to allow it to recoup overpayments made to ERISA plan beneficiaries.

WHEREFORE, Plaintiff Metropolitan Life Insurance Company prays for judgment in its favor and against Defendant in the amount of the Overpayment of $89,407 and for such other and further relief as this Court may deem just, equitable and proper.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2, Plaintiff Metropolitan Life Insurance Company designates

6

Kansas City, Kansas as the place of trial.

Respectfully submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By:  /s/ Ann E. Buckley
Ann E. Buckley #78064
1139 Olive Street, Suite 800
St. Louis, MO 63101-1928
Telephone: (314) 621-3434
Facsimile: (314) 621-3485
Abuckley@buckleylawllc.com

Attorney for Plaintiff Metropolitan Life
Insurance Company